MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUG WILSON (DCBN 412811)
Acting Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: cynthia.frey@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. CR 10-0302 JSW |
|                ) | |
|     Plaintiff,      ) | UNITED STATES' SENTENCING |
|                ) | MEMORANDUM |
|    v.          ) | |
|                ) | Date: December 2, 2010 |
| GREGORY LEE GIUSTI,    ) | Time: 2:30 p.m. |
|                ) | |
|     Defendant.     ) | |
| _____ ) | |

### INTRODUCTION

      The defendant, Gregory Lee Giusti, stands before this Court to be sentenced after pleading guilty to a violation of 18 U.S.C. § 115(a)(1)(A), impeding or retaliating against a member of Congress.  Pursuant to a Plea Agreement under Rule 11(c)(1)(C), the United States submits this sentencing memorandum seeking a sentence of 21 months imprisonment and a three year term of supervised release.  The government also requests that this Court order, as a part of the terms of such supervised release, that the defendant have no contact with any of the victims or witnesses in this case, as specifically set forth in the Plea Agreement.  The United States further seeks an order that the defendant pay a mandatory $100 special assessment.  The parties agree that this sentence will adequately deter the defendant from committing any violent crimes

in the future and is sufficient, but not greater than necessary, to achieve the sentencing goals of

18 U.S.C. § 3553(a).

## DISCUSSION

It is now well established that in determining the appropriate sentence, this Court must

conduct a two-step inquiry: (1) it must first correctly calculate the applicable Guidelines range as

the "starting point ;" and (2) it must next assess the factors set forth in 18 U.S.C. § 3553(a) to

fashion an individualized sentence that is sufficient, but not greater than necessary, to achieve

the aims of the statute. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

## I.      The Offense Conduct.

The defendant made approximately forty-eight calls to the victim between February 6,

2010 and March 25, 2010.  Thirty of those calls were made to the victim's residence in

Washington, D.C.   In one of the calls made to the victim's home, the victim herself answered

the phone and listened to the defendant as he made threats to her.  The defendant on at least three

separate occasions threatened the victim in this case, that if she did not vote in a certain way in

relation to proposed legislation, when she returned home to California, she would not have a

home to come back to.  The defendant knew that by threatening the victim's home, he was also

threatening her immediate family members who also lived or stayed at her home.  Additionally,

the defendant made these threats with the specific intent to impede, intimidate and interfere with

the performance of the victim's official duties.   Based upon this conduct, the defendant pleaded

guilty to a violation of 18 U.S.C. § 115(a)(1)(A) on September 16, 2010.

## II.     The Guidelines Range.

The Plea Agreement sets forth that the parties agree to an offense level of 15, as is also

set forth in the Presentence Investigation Report (PSR), dated November 19, 2010.  The

government agrees with the finding that the defendant's criminal history category is III, as set

forth in detail in the PSR, resulting in a Guideline range of 24-30 months imprisonment.  The

parties have agreed, however, to a term of imprisonment of 21 months, and the United States

Probation Officer handling this matter has also recommended a sentence of 21 months

imprisonment and three years of supervised release.  (*See* PSR, Sentencing Recommendation.)

The government requests that the Court sentence the defendant in accord with the sentence agreed upon in the Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

- 21 months of imprisonment;
- Three years of supervised release with conditions of supervised release to be established by the Court, to include a no contact order with the victims and witnesses in this case;
- A fine as determined by the Court; and
- A $100 special assessment.

### III.   A Sentence of A Total of 21 Months Imprisonment and Three Years of Supervised Release Is Sufficient But Not Greater than Necessary to Fulfill The Goals of 18 U.S.C. § 3553(a).

In sentencing the defendant, this Court must consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). These factors include:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to victims of the offense, § 3553(a)(7).

"The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *Carty*, 520 F.3d at 991 (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The government submits that a sentence of 21 months imprisonment, and three years of supervised release appropriately addresses all such considerations and is a reasonable and appropriate sentence in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.   The Nature and Circumstances of the Instant Offense and the Defendant's Criminal History.

The instant offense is a serious one.  The defendant threatened the victim and her immediate family by threatening that she would not have a home to come back to in California if she voted a certain way on pending legislation.  In so doing, the defendant intended to intimidate and interfere with the victim while she was engaged in the performance of her official duties. What makes the instant offense even more concerning, is that his calls were made directly to the home of the victim in Washington, D.C. on no less than thirty separate occasions.  More to the point, the defendant made the same specific threat not once, but on three separate occasions, including once to the victim directly after she had answered her phone.

Moreover, the defendant has a lengthy criminal history.  Although the majority of those convictions are misdemeanor petty theft or fraud related convictions from the 1980s and early 1990s, the defendant notably has three separate convictions for harassing and threatening conduct.[1]  In 1991, the defendant was convicted in San Francisco of a violation of Penal Code Section 653m, which prohibits the making of phone calls intended to annoy any person using obscene language, or to threaten harm to a person or that person's family.  In that case, the defendant made obscene and harassing contact with and phone calls to an elderly woman over the course of several months.  In 2004, the defendant was convicted in San Mateo County of a felony in violation of California Penal Code Section 422, threats with intent to terrorize.  In that case, the defendant threatened a woman passenger on Caltrain and followed her outside the station.  In 2008, the defendant was convicted in Oakland for a violation of  California Penal Code Section 415(3), prohibiting offensive words in a public place.  In that case, he harassed a woman and group of school children, hurling profanities, racial epithets and obscenities at them.

---

[1] After release of the draft PSR in this case, the government provided to United States Probation Officer a letter outlining three additional vandalism cases that it believes the defendant was convicted of between 1994 and 1998.  These vandalism charges were not addressed in the final PSR.  Regardless, those convictions would not have changed the criminal history category of the defendant in this case.

UNITED STATES' SENTENCING MEMORANDUM
CR 10-0302 JSW                                    4

While it is significant that the defendant has never before been sentenced to more than one year in jail, and that term was imposed in 2004, the seriousness of the instant offense, and the defendant's history of such harassing and threatening conduct are concerning, and cannot be ignored in determining a sufficient sentence.

**B.      The Personal Characteristics of the Defendant.**

In determining the appropriate sentence, the characteristics of the defendant must also be taken into account.  The defendant in this case is not a "typical" defendant.  It is undeniable that the defendant suffers from some sort of mental disability, likely autism related, which manifests itself in, among other things, a lack of impulse control.  Although the nature and extent of those disabilities is not known with any certainty at this time, these personal characteristics also cannot be ignored in fashioning an appropriate sentence in this case.

**C.      A Sentence of 21 Months Imprisonment and Three Years of Supervised Release Would be Sufficient, but Not Greater Than Necessary to Achieve the Goals of § 3553(a).**

The seriousness of the instant offense and the defendant's criminal history necessitate a sentence that sends a message and 21 months, as the parties have agreed, is sufficient, but not greater than necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  The government also submits that a three year supervised release term, requiring that the defendant participate in mental health treatment programs at the direction of his federal probation officer, is the appropriate way to address the concerns surrounding his mental disabilities.  The government also submits that the defendant's lack of impulse control requires a stay away order, as set forth in the Plea Agreement.  In regard to this, the government specifically requests that this Court order the stay away and no contact order that is set forth in the Plea Agreement, and not the summary version contained in the PSR's Sentencing Recommendation.  The government requests that this court order at the time of sentencing, the following stay away order as a condition of his supervised release:

> The defendant is ordered to stay away from and have no contact with any victims or witnesses in this case, either directly or indirectly, before and after he is sentenced.  The phrase "no contact" includes, but is not limited to: no personal contact or communication; no telephone, mail, or electronic mail contact; and no other oral or written form of

communication.  In particular, the defendant is ordered to have no
contact with Congresswoman Nancy Pelosi, her family, and her staff.
The defendant is further ordered not come within 100 yards of
Congresswoman Nancy Pelosi, any of her family members, and any
personnel who work for her.   The defendant is also ordered to stay 100
yards away from, and not enter, any of the offices of Congresswoman
Nancy Pelosi and any residence of Congresswoman Nancy Pelosi.

## CONCLUSION

In full consideration of the defendant's history and characteristics together with the other

goals of sentencing, the United States respectfully requests that the Court sentence the defendant

to 21 months imprisonment and 3 years of supervised release, to include the stay away order, as

the parties have agreed to in the Plea Agreement.


DATED: November 24, 2010                    Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney

                                            _____/s/_____
                                            CYNTHIA M. FREY
                                            Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 10-0302 JSW                            6